NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-1047

ALZA CORPORATION

Plaintiff-Appellant,

v.

IMPAX LABORATORIES, INC.,

Defendant-Appellee.

_____

DECIDED:   September 6, 2006

_____

Before, GAJARSA, CLEVENGER, and PROST, Circuit Judges.

GAJARSA, Circuit Judge.

This appeal was heard together with that in Alza Corp. v. Mylan Laboratories, Inc., No. 06-1019 (Fed. Cir. 2006) ("Mylan II"), also decided today, in which we affirmed the district court's judgment of non-infringement and invalidity of claims 1-3, 11, 13 and 14 of U.S. Patent No. 6,124,355[1] ("the '355 patent") in favor of Mylan Laboratories, Inc. and Mylan Pharmaceuticals, Inc. (collectively, "Mylan"), Alza Corp. v. Mylan Labs., Inc., 388 F. Supp. 2d 717 (N.D.W. Va. 2005) ("Mylan I").  Based upon our holding in Mylan II, we affirm the judgment of the district court.

---

[1]     The '355 patent issued to Guittard et al. and was assigned to Alza.

Alza's infringement action against Mylan arose from Mylan's filing of two Abbreviated New Drug Applications ("ANDAs") for a generic version of the once-a-day extended release formulation of the anti-incontinence drug oxybutynin, id. at 720, which Alza has been marketing as Ditropan XL®. Mylan I at 738. Impax Laboratories, Inc. ("Impax") likewise submitted an ANDA for generic extended-release oxybutynin, and was likewise sued for infringement of all of the claims asserted against Mylan, plus claims 4 and 15. Alza stipulated that if the district court in the Mylan litigation found all off the claims asserted against Mylan to be invalid, then it would consent to an entry of judgment in the Impax litigation "that claims 1, 2, 3, 4, 11, 13, 14 and 15 of the '355 patent are invalid." Alza Corp. v. Impax Labs., No. C03-04032 VRW, (N.D. Cal., Apr. 15, 2004) ("Stipulation Order"). Subsequently, in Mylan I, the Mylan court held all of the asserted claims to be invalid, and pursuant to the terms of the Stipulation Order, the Impax court entered final judgment, holding all of the claims asserted in this litigation to be invalid. Alza Corp. v. Impax Labs., No. C03-04032 VRW (N.D. Cal., Oct. 6, 2005) ("Impax Final Judgment"). This court has jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

Today, in Mylan II, we have affirmed the district court's invalidity holding in Mylan I. Accordingly, based on the terms of the Stipulation Order, we affirm the Impax Final Judgment and hold that claims 1, 2, 3, 4, 11, 13, 14 and 15 of the '355 patent are invalid.

Costs to Impax.